Pennington, J.
The defendant at the trial, did not pretnd to any title in himself, but relied on the defect of title in the plaintiff's lessor. There is a material difference in my mind, between evidence that will enable prima facie; the plaintiff to recover in ejectment, and evidence that will conclusively establish a title. The person under whom' the plaintiff claims, had been in possession for twelve or thirteen years before his death, as owner, actually leasing it out and receiving the rents, and must be considered as dying seized» of the freehold. The title must be presumed, prima facie, to be in' Walter Cain, at the time of his death, at least against the defendant, who held the land under him, and paid rent to him. I do not mean to be understood as deciding [333] the question, whether a tenant," holding over after the expiration of his lease, is estopped to show a title in himself. The argument as it respects an estoppel, [*] is wholly aside from the subject of investigation. If the defendant had undertaken to set up a title in himself, or to have shown one out of Walter Cain, his lessor, then the question of estoppel, might have been raised; but the defendant holding over against the devisees, or heirs at law of Walter Cain, without any pretense of right, cannot be in a better situation than a stranger, who should have entered without right, and *33 then • held them out, but must be considered as a wrongdoer : it was a holding out him, who had a right of entry. The old notion, that the plaintiff in ejectment must make out his title from the original proprietors, was beginning to be exploded before the passing the late statute of limitations, and under that statute it is wholly inadmissible. Twenty years’ uninterrupted adverse possession gives an absolute title; and if so, surely twelve or thirteen years’ seizin of the freehold, and dying seized, will give a right of entry against a tortious holder; yet, if the defendant could have shown a title paramount to that of Walter Cain, either in himself or another, I apprehend he might have done it, unless he was estopped from the circumstance of his having gone into possession as tenant to Walter Cain, of which I give no opinion. But until the defendant show a title paramount, the title of Walter Cain must be presumed to be the trae and legal title.
Admitting, however, the title of Walter Cain; an impoi’tant question in this controversy is yet behind, to wit: whether the lessor of the plaintiff has derived any right under the will of Walter Cain. This brings up a question that seems to have perplexed Westminster Hall for ages, namely: whether there is any real difference between a devise that executors shall sell laud, or a devise of land to executors to sell. This is plainly a devise that the executors shall sell. The language of the will is, “ That all my lands (except my homestead plantation) shall be sold as soon as convenient, after my decease, either at public or [*] private sale as in discretion it may best suit; and I do hereby empower my executors to make good and lawful deed or deeds for the same.” The case on this point is shortly this: the testator wills that the land shall be sold as soon as convenient after his death, and empowers his executors to make conveyances. Two of the executors die, and fourteen years after the death of the testator the surviving executor sells the land to a stranger, who, in five days, conveys it back to *34 him. Notwithstanding the [334] learned "and ingenious observations on the subject of the before mentioned distinction, by the respectable author of the note on Co. Lit. 118, I incline to think that the weight of authority is against him, and with the distinction. In one case the descent is broke; the land vests in the executors, as joint tenants, and by operation of law goes to the survivor, who having the legal title can legally convey it; in the other case, the descent is not disturbed, but the fee remains in the heirs at law until the executors sell; they then have only a naked authority, which by the rules of law cannot survive. The first is in fact an authority, coupled with the legal title; the second, a bare naked authority. That the executors have an interest in their office, by way of an allowance, or.compensation for their services, does not, in my mind, affect this case. When the books speak of an authority, coupled with an interest, an interest by way of benefit or emolument for transacting the business is not intended: but an actual interest or right in the thing to be conveyed. That the distinction on which this question turns is founded in technical nicety does not of itself destroy its validity. There are, however, some cases where, by the special wording of the devise, the testator hath shoAvn an intention that the executors should sell on a particular event, or under special circumstances. This authority hath been considered as coupled with an official duty; and in those cases, that the survivor, notwithstanding the death of his companions, retained full authority to execute [*] the official trust, might sell the land. But these cases, and the note of Hargrave on Co. Lit. 118, appear to me too feeble to bear down the weight of authority the other way; I am, therefore, of opinion, that nothing passed by the deed from the surviving executor, and, of consequence, that the lessor of the plaintiff derived no title under the will of Walter Cain. I am, therefore, of opinion — First, That the jury had a right to *35 presume, that the title was in Walter Cain, at his death. Second, That nothing passed by the deed from the surviving executor; but that the title remains in the heirs at law.
The Chief Justice and Rossele, J. — Were also in opinion, in favor of the defendant.
Rule made absolute.
Cited in Leport v. Todd, 3 Vr. 124, 133.